# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CINDY PASTIN and LANCE PASTIN**, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) 2:17cv1503<br>) **Electronic Filing**<br>) |
| **ALLSTATE INSURANCE COMPANY**, | )<br>) |
| Defendant. | )<br>) |

## OPINION AND ORDER OF COURT

June 27, 2018

Pending before the Court is the Motion to Remand filed by the plaintiffs, Cindy Pastin and Lance Pastin ("Plaintiffs" or "the Pastins"), who are acting *pro se* in this civil action (ECF No. 10). The Pastins contend that this case was improperly removed from state court to federal court by Allstate in that there is not diversity of citizenship amongst the parties, their complaint does not contain allegations with respect to the amount in controversy, and Allstate's removal was procedurally defective. Therefore, Plaintiffs argue, the case should be remanded to the Court of Common Pleas of Allegheny County where it originally was filed. For the reasons set forth below, Plaintiffs' motion to remand shall be denied.

### I.  Procedural Background

The Pastins originally commenced this action against Defendant Allstate Insurance Company ("Defendant" or "Allstate) in the Pennsylvania Court of Common Pleas for Allegheny County on August 4, 2016 by writ of summons. (ECF No 1, ¶ 1). Allstate was served with the writ of summons on or about August 9, 2016. (Id.). On October 31, 2017, the Pastins filed a Complaint, alleging claims against Allstate for breach of contract, statutory bad faith in violation

of 42 Pa.C.S.A. § 8371, and intentional infliction of emotional distress. (ECF Nos. 1 at ¶ 2; 1-2 at ¶¶ 20-81). On November 17, 2017, Allstate filed a Notice of Removal with this Court. (ECF No. 1 1).  On December 4, 2017, the Pastins filed a Motion to Remand. (ECF No. 10). On December 18, 2017, Allstate filed a response to Plaintiffs' Motion to Remand and a brief in support. (ECF Nos. 11-12). The Plaintiffs' Motion to Remand, thus, is ripe for review.

## II.     Plaintiffs' Motion to Remand

Allstate removed this action from state court to federal court pursuant to 28 U.S.C. § 1441(a), asserting that this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), due to the diversity of citizenship between the parties and the amount in controversy being in excess of $75,000.  28 U.S.C. § 1441(a) provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a) (West). 28 U.S.C. § 1332(a) grants subject matter jurisdiction to federal courts over cases between citizens of different states in which the amount in controversy exceeds $75,000. After a Notice of Removal is filed, a plaintiff may seek to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." Ramos v. Quien, 631 F.Supp.2d 601, 607 (E.D. Pa. 2008) (quoting PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993)).

The Plaintiffs contend that this case must be remanded because this Court lacks subject matter jurisdiction over the action and Allstate's removal of the action was procedurally defective.  To the contrary, Allstate asserts that this court has subject matter jurisdiction over the

action based upon diversity of citizenship subject matter jurisdiction and that its removal of the action from state court to federal court was not procedurally defective.

### A. The citizenship of the parties

In support of their Motion to Remand on the basis that this court lacks subject matter jurisdiction over the action, the Pastins first argue that there is not diversity of citizenship between the parties because as of August 17, 2012, the date of the event that gave rise to this action, all of the parties were citizens of Pennsylvania. In support thereof, the Pastins contend that Allstate is a citizen of Pennsylvania because Allstate was and is licensed in Pennsylvania to operate in Pennsylvania under the laws of Pennsylvania and all Allstate employees referenced in the Pastins' Complaint live in Pennsylvania. (ECF No. 10 at ¶¶ 2-3) (citing ECF No. 10-2).

In its Response to the Plaintiffs' Motion to Remand, ECF No. 11, Allstate asserts that it is not a citizen of Pennsylvania; rather, "Allstate is an Illinois Corporation, organized and existing under the laws of the State of Illinois with a principal place of business located at 2775 Sanders Road, Northbrook, Illinois." (ECF No. 1 at ¶ 9). In support of its contention, Allstate attached to its Response a Business Entity Details document from the Pennsylvania Department of State website ("the Pennsylvania Business Entity Details document"), dated December 12, 2017, that states that effective April 27, 1999, Allstate was an active foreign business corporation incorporated in Illinois. (ECF No. 11-1).

As explained by the appellate court in Johnson v. SmithKline Beechham Corp., 724 F.3d 337 (3d Cir. 2013):

> "Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court," pursuant to § 1332(a) of Title 28 of the United States Code, and thus "a state court case that implicates diversity jurisdiction" may generally be removed, *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir.1996), provided that the defendant is not a citizen of the state in which the action is brought, 28 U.S.C. § 1441(b)(2). *See also* 28 U.S.C. § 1332(a) (granting jurisdiction in cases

3

> between citizens of different states in which the amount in controversy exceeds $75,000). Jurisdiction under § 1332(a) requires "complete diversity," meaning that "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets*, 316 F.3d at 410. Diversity of citizenship must have existed at the time the complaint was filed, *id.*, and at the time of removal, *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985), and the burden is on the removing party to establish federal jurisdiction, *id.* "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown*, 75 F.3d at 864–65 (quoting *Abels*, 770 F.2d at 29) (internal quotation marks omitted).

Johnson, 724 F.3d at 346. Thus, on a motion to remand, the party asserting jurisdiction (the removing party, here Allstate) bears the burden of establishing that the action is properly before the court. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

With respect to the citizenship of Allstate, first, based upon the Pennsylvania Business Entity Details document, the Court finds that Allstate is a corporation. This is significant because 28 U.S.C. § 1332(c)(1)(A) provides that: "(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, [1] such insurer shall be deemed a citizen of—

---

[1] This matter does not involve a "direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant." As recently explained by the court in Baldridge v. Amica Mut. Ins. Co., Civ. No. 17-273, 2017 WL 2271561 (W.D. Pa. May 8, 2017), report and recommendation adopted, Civ. No. 17-273, 2017 WL 2271487 (W.D. Pa. May 23, 2017):

> As the District Court for the Southern District of Ohio has observed:
>
> > [A] "direct action" for purposes of this section [is] one "in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurance without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898, 901–02 (9th Cir. 1982). In other words, this direct action exception that destroys diversity exists only where a third-party tort victim forgoes suing the tortfeasor in favor of instead suing the tortfeasor's liability insurer directly. This is the universal rule. *See, e.g., Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988); *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985),

4

(A) every State and foreign state of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A) (West).  (Id.).  Second, the Court finds, based upon the Pennsylvania Business Entity document

---

> reh. denied, 757 F.2d 287; *White v. United States Fidelity and Guaranty Co.*, 356 F.2d 746, 747–48 (1st Cir. 1966).
>
> *Peterson v. TIG Specialty Ins. Co.*, 211 F. Supp. 2d 1013, 1015 (S.D. Ohio 2002), quoting *Vargas v. Cal. State Auto. Ass'n Inter–Ins. Bureau*, 788 F. Supp. 462, 463 (D. Nev. 1992). Thus, "[c]ourts have consistently interpreted 'direct action' to include only tort actions brought by third parties against the insurer—as a substitute for the insured tortfeasor"). *Id.*, citing *Bowers v. Cont'l Ins. Co.*, 753 F.2d 1574, 1576 (11th Cir. 1985); *Kimball Small Props. v. Am. Nat'l Fire Ins.*, 755 F. Supp. 1465 (N.D. Cal. 1991); *McGlinchey v. Hartford Accident & Indem. Co.*, 666 F. Supp. 70, 71 (E.D. Pa. 1987), aff'd, 866 F.2d 651 (3d Cir. 1989). *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 143 n.2 (2009) ("[a] true 'direct action' suit is a lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured," and that suits seeking to "hold [the insurer] liable for independent wrongdoing rather than for a legal wrong by [the insured] ... are not direct actions in the terms of strict usage") (citation, internal quotation marks, and brackets omitted).
>
> Courts within the Third Circuit are no exception. *See e.g. Brooks-McCollum v. State Farm Ins. Co.*, 321 Fed. Appx. 205, 208 (3d Cir. 2009), aff'd sub nom. *McCollum v. State Farm Ins. Co.*, 376 Fed. Appx. 217 (3d Cir. 2010) ("a 'direct action,' as that term is used in § 1332(c), does not exist 'unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured,' and it does not include suits by an insured against his or her own insurer"); *Myers v. State Farm Ins. Co.*, 842 F.2d at 707, abrogated on other grounds by *Brennan v. Gen. Accident Fire and Life Assurance Corp.*, 574 A.2d 580 (Pa. 1990) (finding that a suit between an insured, as an injured party, and an insurer is not a "direct action" as contemplated by 28 U.S.C. § 1332(c)(1) because the insurer's status is not that of a "payor of a judgment based on the negligence of one of its insureds" (citation and internal quotation marks omitted); *Chiaravalle v. Imperium Ins. Co.*, No. 13-1818, 2013 WL 4012552, at *3 (D.N.J. Aug. 2, 2013) ("[d]efendant correctly points out that 'direct actions' under § 1332(c) are confined to cases where a statute authorizes an injured party to bring a suit against a tortfeasor's liability insurer without joining the insured"); *Walborn v. Szu*, No. 08-6178, 2009 WL 983854, at *4 (D. N.J. Apr. 7, 2009) (stating that "the term 'direct action' does not encompass cases such as this one, where an insured brings suit against his or her own insurance company for benefits that were allegedly withheld" because "it is limited to tort actions in which an injured party brings suit directly against the tortfeasor's insurance company"); *Moorehead v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 07-3104, 2007 WL 2790768, at *4 (D. N.J. Sept. 24, 2007), quoting *State Farm Ins. Co. v. Evans*, 712 F. Supp. 57, 58 (E.D. Pa. 1989) ("[w]ithin the meaning of the statute, the term 'direct action' includes 'those cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurance without joining the insured or first obtaining a judgment against him' "); *McGlinchey v. Hartford Acc. & Indem. Co.,* 666 F. Supp. at 71 ("'[d]irect actions' in this sense are limited to cases where a party sues an insurer, on the basis of an insured's liability, without joining or first obtaining a judgment against the insured. Section 1332(c) was passed in response to state laws that permitted an injured party to sue an insurance carrier directly as the real party in interest without bringing suit against the tortfeasor whose actions had caused injury. The statute refers to cases where the insured is not a defendant—it was not intended to cover a case where the insured is the plaintiff"). *See also Carevel, LLC v. Aspen Am. Ins. Co.*, No. 13-7581, 2014 WL 1922826, at *3 (D.N.J. May 14, 2014); *Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329, 335 (D.N.J. 2010).

Baldridge, 2017 WL 2271561, at *2.

as well as Allstate's assertion in its Response to the Plaintiff's Motion to Remand that its principle place of business is located in Illinois, an assertion which has not been disputed by the Pastins, that Allstate has proven by a preponderance of the evidence that Allstate was incorporated in Illinois and had its principal place of business in Illinois. Therefore, pursuant to 28 U.S.C. § 1332(c)(1)(A), Allstate is, and was at all times relevant to this action, a citizen of Illinois. Accordingly, contrary to the Pastins' contention, there was diversity of citizenship between the parties at all times relevant to this action.

### B. The amount in controversy

Turning to the amount in controversy element of diversity jurisdiction:

> As the Third Circuit clarified in *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir.2007), in cases where the complaint specifically limits the amount in controversy to less than the jurisdictional minimum, the party contesting remand bears a higher burden, and must prove to a legal certainty that the amount in controversy exceeds the statutory threshold (i.e. the removing party must show it is legally certain the amount in dispute exceeds $75,000). *Id.* at 196. By contrast, in cases where the plaintiff has not expressly limited the amount in the complaint to less than the jurisdictional minimum, the case must still be remanded if it appears to a legal certainty that the plaintiff cannot recover $75,000. *Id.* at 195–97.

Brewer v. Geico, Civ. No. 13-1809, 2014 WL 241756, at *3 (W.D. Pa. Jan. 22, 2014). Upon review of the allegations contained in the Plaintiffs' Complaint, this case is one where the plaintiffs have not expressly limited the amount in controversy to less than the jurisdictional minimum of $75,000. The Complaint alleges that both Mr. Pastin and Mrs. Pastin demanded policy limits of $200,000 from Allstate for the damages they suffered due to the collision, each requested judgment in their favor against Allstate "in an amount in excess of the jurisdictional limits of the compulsory board of arbitrators of this court, including interest and costs and attorney fees if applicable and anything else the court deems appropriate" for their breach of contract claims, and together they sought judgment in their favor against Allstate "for punitive

damages in an amount in excess of the jurisdictional limits of the compulsory board of arbitrators of this court, including interest, costs and anything else the court deems necessary," for their statutory bad faith and intentional infliction of emotional distress claims. (ECF No. 1-2 at ¶¶ 19, 22, 28, 32, 59, 81). Moreover, it does not appear to a legal certainly that the plaintiffs cannot recover a monetary sum in excess of $75,000. In the Complaint, the Pastins allege that they have $400,000 per accident coverage under their car insurance policy with Allstate, that both sustained injuries in a car accident caused by an uninsured or underinsured driver, and that with respect to the injuries suffered by Mr. Pastin, they were serious enough that more than four years after the incident that gives rise to this action, Mr. Pastin still is not able to work. (See Id. at ¶¶ 7-10, 24-27). Just limiting the inquiry to the Pastins' breach of contract claims, if indeed the Pastins suffered the injuries they allege to have suffered as a result of the collision and Allstate is responsible under the Pastins' automobile insurance policy to compensate the Pastins for their injuries, then the Pastins certainly could recover a monetary sum in excess of $75,000 from Allstate on their breach of contract claims.

For these reasons, Allstate properly removed this action pursuant to 28 U.S.C. §1446(b)(3) on the basis of jurisdiction conferred pursuant to 28 U.S.C. § 1332(a).

**C. Defective removal procedure**

The Plaintiffs also contend that this action must be remanded because there was a defect in the removal procedure. Specifically, they posit that pursuant to 28 U.S.C. §1446(c)(1), a case may not be removed pursuant to 28 U.S.C. §1446(b)(3) on the basis of jurisdiction conferred pursuant to 28 U.S.C. § 1332 more than one year after the action has been commenced and in the instant action, they commenced the action in state court on August 4, 2016 by filing with the

state court prothonotary a praecipe for writ of summons.  28 U.S.C. § 1446 states in pertinent part:

> **(a) Generally.--**A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally. – (1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter[;] . . .
>
> **(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> . . .
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> **(c) Requirements; removal based on diversity of citizenship. –(1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C.A. §§ 1446(b)(1), (b)(2)(A) and (B), (b)(3), and (c)(1) (West).

In Parker Hannifin Corp. v. Fed. Ins. Co., 23 F. Supp.3d 588 (W.D. Pa. 2014), the court addressed the timing provisions applicable when a defendant seeks to remove an action from state court to federal court pursuant to diversity jurisdiction and in so addressing, also explained what is an "initial pleading" for purposes of §1446:

> According to the plain language of the first paragraph of § 1446(b), a party has thirty days to file a notice of removal when the "initial pleading ... set[s] forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (2006) amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758 (2011).5 As the court held in *Sikirica*, the initial pleading for the purpose of the first paragraph of § 1446(b) can be a complaint, but not a writ of summons. *Sikirica*, 416 F.3d at 222. Here, the initial pleading, i.e., the complaint, set forth the grounds for removal. The first— and not the second—paragraph of § 1446(b) is, therefore, applicable to Federal Insurance's notice of removal in this case; indeed, the court in *Sikirica* noted: "The second paragraph [of § 1446(b) ] applies only if the initial pleading does not set forth the grounds for removal[.]" *Sikirica*, 416 F.3d at 220; s*ee Joseph L. Dunn Oil and Gas v. R.L. Wharton Enterprises, Ltd*., Civ. Action No. 10–1364, 2011 WL 1230146, at *4 (W.D. Pa. Mar. 30, 2011); *Brown v. Modell's PA II, Inc.,* Civ. Action No. 08–1258, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008). Here, because the initial pleading—the complaint—set forth the grounds for removal, the second paragraph of § 1446(b)—in its entirety—is not applicable to this case.
>
> Plaintiffs' reading of § 1446(b) and the decisions cited by plaintiffs imposing the one-year time limit on all diversity cases whether or not removable by the initial pleading disregard the plain language § 1446(b) and the court of appeals' decision in *Sikirica*. The first part of the sentence in the second paragraph of § 1446(b), i.e., "If the case stated by the initial pleading is not removable," makes that sentence, which includes the modifying phrase referring to the one-year time limit, only applicable when the initial pleading is not removable. As discussed above, the initial pleading in this case, i.e., the complaint, was removable when it was filed. The second paragraph of § 1446(b), including the one-year time limit, is not, therefore, applicable to this case. Based upon the foregoing, the October 7, 2013 notice of removal in this case was not untimely filed because it was filed within thirty days of the filing of complaint in the state court.

Parker Hannifin Corp., 23 F. Supp. 3d at 595–96 (footnote omitted). The timing provisions applicable when a defendant seeks to remove an action from state court to federal court pursuant

9

to diversity jurisdiction as well as the propriety of the court's analysis of this issue in Parker Hannifin Corp. was subsequently addressed in Binder v. Weststar Mortg., Inc., Civ. No. 14-7073, 2015 WL 790203 (E.D. Pa. Feb. 25, 2015). In Binder, the court explained:

> even on the basis of diversity jurisdiction, removal here was timely because under the plain text of § 1446(c)(1) the one-year time limit for removal applies to cases removed under subsection 1446(b)(3), which applies only where the case stated by the initial pleading is not removable. Here, the initial pleading (i.e., the complaint) had not yet been filed, and, once it was, the case stated in the complaint was removable and was removed within 30 days. True, certain district courts have enforced the one-year time limit despite the fact that no complaint was filed until over a year after the case commenced by a writ of summons, see, e.g., *Samii v. Allstate Ins. Co*., No. 10–2408, 2010 WL 3221924, at *1 (E.D. Pa. Aug.12, 2010), but the Court finds more persuasive the reading that "initial pleading" means "complaint" throughout § 1446, and therefore, here, neither subsection 1446(b) (3) nor the one-year time limit applies. *See generally Parker Hannifin Corp. v. Federal Ins. Co.*, 23 F.Supp.3d 588 (W.D. Pa. 2014). To hold otherwise would run the risk of allowing a plaintiff to engage in gamesmanship by keeping the gravamen of the suit secret for 13 months or more while keeping the suit from federal court as well by the obstacle of silence.

Binder, 2015 WL 790203, at *2 (E.D. Pa. Feb. 25, 2015).

The Court agrees with the Binder and Parker Hannifin Corp. courts' analyses of the various provisions of 28 U.S.C. § 1446, including what is meant by the term "initial pleading." Applying § 1446 to this action, the initial pleading in the case *sub judice* was the complaint, not the praecipe for writ of summon, and based upon the allegations contained in the complaint, the action was removable at the time the complaint was filed, October 31, 2017. Since Allstate removed it on November 17, 2017, within thirty days of the date the complaint was filed, pursuant to § 1446(b)(1), the removal procedure was timely and not procedurally defective as contended by the Plaintiffs. The one-year time limit contained in §1446(c)(1) simply is not applicable under the facts of this case where the initial pleading, the complaint, was removable.

**III.    Conclusion**

Having concluded that Allstate properly removed this action pursuant to 28 U.S.C. §1446(b)(3) on the basis of jurisdiction conferred pursuant to 28 U.S.C. § 1332(a) and that Allstate's removal of the action was timely pursuant to § 1446(b)(1) and not procedurally defective, the Plaintiffs' Motion to Remand shall be denied. An appropriate Order of Court follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CINDY PASTIN and LANCE PASTIN**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2:17cv1503 |
| vs. ) | **Electronic Filing** |
| ) | |
| **ALLSTATE INSURANCE COMPANY**, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

AND NOW, this 27th day of June, 2018, upon consideration of the Motion to Remand (**Document No. 10**) filed by the Plaintiffs, the Defendant's response thereto, and pursuant to the Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED the Motion to Remand is **DENIED**.

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
Senior United States District Judge

cc:  Cindy Pastin
     37 Evelyn Drive
     Coraopolis, PA 15018
     (Via Regular Mail)

     Lance Pastin
     37 Evelyn Drive
     Coraopolis, PA 15018
     (Via Regular Mail)

     Robert J. Marino, Esquire
     J. David Ziegler, Esquire
     Richard S. Canciello, Esquire
     Dale K. Forsythe, Esquire
     (Via CM/ECF Electronic Mail)