# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY PASTIN and LANCE PASTIN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 17-1503 |
| ) | |
| ALLSTATE INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

AND NOW, this 30th day November, 2018, upon consideration of Plaintiffs' Motion for Leave for Joinder of Parties and Claims (ECF No. 46); Defendant's Response to Plaintiffs' Motion for Leave for Joinder of Parties and Claims (ECF No. 49); Plaintiff's Reply to Defendant's Response to Plaintiffs' Motion for Leave for Joinder of Parties and Claims (ECF No. 57); Defendant's Motion to Compel Compliance with Discovery (ECF No. 47); Plaintiffs' Response to Defendant's Motion to Compel Compliance with Discovery (ECF No. 52); Plaintiffs' Motion to Compel Discovery (ECF No. 51); Defendant's Response to Plaintiff's Motion to Compel Discovery (ECF No. 54); and Plaintiff's Reply to Defendants' Response of Motion to Compel Discovery (ECF No. 55); it is hereby ORDERED as follows:

1. With regard to Plaintiffs' Motion for Leave for Joinder of Parties and Claims (ECF No. 46), Plaintiffs contend in their motion, that the case, filed in the Allegheny Court of Common Pleas at GD 14-013845 ("state court action"), should be removed and joined to the instant action. At the outset, the Court notes that the Plaintiffs have attempted on other occasions to initiate procedures that would combine this action with the state-court action. See ECF No. 10 (denied by ECF No. 27); ECF No. 38 (denied by ECF No. 40). Their instant motion seeks joinder based upon Federal Rule of Civil Procedure Rule 18, although it is styled a joinder of both parties and

claims. As such, the Court will consider the Plaintiffs' requests under Rules 18, 19, and 20 so the parties are clear as to the Court's position on joinder of claims and parties. *See* Fed. R. Civ. P. 18, 19, 20.

Rule 18-Joinder of Claims provides as follows:

(a) **In General.** A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

(b) **Joinder of Contingent Claims**. A party may join two claims even though one of them is contingent on the disposition of the other; but the court may grant relief only in accordance with the parties' relative substantive rights. In particular, a plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money.

Fed. R. Civ. P. 18. Pursuant to its text, Rule 18 only serves to join claims that the Plaintiffs would have "against an opposing party." In this federal court case, the Plaintiffs have sued Allstate; therefore, the "opposing party" is Allstate. Plaintiffs' motion seeks to join the claims from the state court negligence action against Dalton Mehlmauer where Allstate is not a party. The state court action only avers a negligence claim against Dalton Mehlmauer. Therefore, Rule 18 cannot serve as a mechanism for joining claims and/or removing the state court action to this federal action. Accordingly, Plaintiffs' Motion for Leave for Joinder of Parties and Claims pursuant to Fed. R. Civ. P. 18, is denied.

Next, giving the Plaintiffs the benefit of full analysis, the Court will also consider the Plaintiffs' Motion in light of the provisions of Fed. R. Civ. P. 19, which governs compulsory joinder of parties. Assuming from the text of the motion, that the Plaintiffs want the Court to join Dalton Mehlmauer, the defendant in the state action, Federal Rule of Civil Procedure 19, as to joinder of parties, provides in relevant part as follows:

(a) **Persons Required to Be Joined if Feasible.**

> **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. The Court must determine whether Mr. Dahlamuer is a necessary party. *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir.2007)

First, under Rule 19(a)(1)(A), the court limits its inquiry to whether it can "grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial." *General Refractories*, 500 F.3d at 313 (emphasis in original); *Huber v. Taylor*, 532 F.3d 237, 248 (3d Cir.2008). In this case, Plaintiffs have brought breach of contract and statutory bad faith claims, under 42 Pa.C.S.A. § 8371, against Defendant, Allstate. (ECF No. 42). The crux of those claims involves how Allstate, the Plaintiffs' insurance company, handled Plaintiffs' claim for Uninsured/Underinsured Motorist benefits. In the state court case, filed at GD 14-013845, Plaintiffs have brought a negligence action against Dalton Mehlmauer for alleged damages from an automobile accident. To prevail in that case, the Plaintiffs will need to prove the elements of negligence, namely that Mr. Mehlmauer's operation of a motor vehicle breached a legal duty, and if so, the breach of said duty caused damage to the Plaintiffs. The state court action will decide Mr. Mehlmauer's liability to Plaintiffs and establish a damage award. Mr.

Mehlmauer's insurance coverage/status is not relevant to the outcome of that negligence action. Therefore, Allstate is not an interested part in the state court negligence action.

While Mr. Mehlmauer is also insured by Allstate, that relationship only addresses Allstate's obligations to pay insurance and provide a defense for Mr. Mehlmauer. Mr. Mehlmauer's insurance benefits will pay for any negligence damages determined due to the Plaintiffs up to the limits of Mr. Mehlmauer's coverage. Allstate's obligation to pay in the state court action arises only from the insurance contract relationship between Mr. Melhmauer and Allstate. On the other hand, Plaintiffs' federal court claim for Breach of Contract and Bad Faith concerns Plaintiffs' insurance contractual relationship with Allstate for UM/UIM coverage. The UM/UIM insurance contract between the Plaintiffs and Allstate has nothing to do with Mr. Mehlmauer's negligence liability to Plaintiffs. Thus, the state court action is not related to the Plaintiffs' claims against Allstate for breach of the UM/UIM contract and statutory bad faith. Plaintiffs' burden of proof in this federal diversity breach of contract and bad faith case is not dependent on Allstate's defense of Mr. Mehlmauer in the state court negligence action. Therefore, in this federal case, Plaintiffs and Allstate can receive complete relief, because this case does not require Mr. Mehlmauer's involvement as a party. Thus, Mr. Mehlmauer is not a necessary party, and Rule 19(a)(1)(A) does not require joinder.

Likewise, under Rule 19(a)(1)(B), the Court considers the effect the resolution of the dispute between the current parties will have on the absent party. *Huber*, 532 F.3d at 248. Again, the outcome of the statutory bad faith and breach of contract claims between Allstate and the Plaintiffs will not affect Mr. Mehlmauer's negligence liability. Therefore, Mr. Mehlmauer is not a necessary party under Rule 19(a)(1)(B). Again, no joinder is required. Accordingly, Plaintiffs' Motion for Leave for Joinder of Parties and Claims pursuant to Fed. R. Civ. P. 19 is denied.

4

Finally, this Court also considers the Plaintiffs' Motion in light of Fed. R. Civ. P. 20, which governs permissive joinder of parties. Rule 20 states in relevant part:

**(a) Persons Who May Join or Be Joined.**

\*\*\*

    **(2) Defendants.** Persons—[...] --may be joined in one action as defendants if:

        (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

        (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). This rule "is designed 'to promote judicial economy and reduce inconvenience, delay, and added expense.'" *Cooper v. Fitzgerald*, 266 F.R.D. 86, 91 (E.D. Pa. 2010) (quoting *Al Daraji v. Monica*, No. CIV. A. 07-1749, 2007 WL 2994608, at *10 (E.D. Pa. Oct. 12, 2007)). "A court should generally apply a liberal approach to permissive joinder," but "because the purpose of this rule is to promote trial convenience and expedite the final determination of disputes, the district court has discretion to deny joinder pursuant to Rule 20 if it would result in prejudice, expense, or delay." *Bay v. City of Philadelphia*, No. CIV.A.03-5358, 2005 WL 950608, at *2 (E.D. Pa. Apr. 20, 2005); see also 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 (3d ed. 2018) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.").

Presently, while the Plaintiffs argue that their state court action and federal court action arise out of the same action and same parties, a clear and thorough reading of Plaintiffs' state court negligence filing (ECF No. 46, Ex. C-1) against Mr. Mehlmauer reveals otherwise. Plaintiffs have brought breach of contract and statutory bad faith claims, under 42 Pa.C.S.A. § 8371, against

5

Defendant, Allstate. (ECF No. 42). The crux of those claims involves how Allstate, the Plaintiffs' insurance company, has handled Plaintiffs' claim for Uninsured/Underinsured Motorist benefits. The state court negligence action pursues Mr. Mehlmauer for liability damages. As discussed above, while Mr. Mehlmauer is also insured by Allstate, that liability contract relationship between Allstate and Mr. Mehlmauer is circumstantial and unrelated to the Plaintiffs' claims against Allstate for breach of their UM/UIM contract with Allstate and for statutory bad faith. Plaintiffs' burden of proof in this federal diversity breach of contract and bad faith case is not dependent on Allstate's defense of Mr. Mehlmauer in the state court negligence action. The two cases involve different transactions, namely an automobile accident negligence case (the state court action) and a UM/UIM insurance coverage Breach of Contract and Bad Faith Case (the federal action). Further, the questions of law and fact in each case are distinctly different. Thus, joinder is not appropriate or available under Rule 20.

Accordingly, there is no basis to support the joinder of parties or claims a requested by Plaintiffs. Therefore, Plaintiffs' Motion for Leave for Joinder of Parties and Claims (ECF No. 46) is DENIED.

2. With regard to Defendant's Motion to Compel Compliance with Discovery (ECF No. 47), Defendant's Motion is GRANTED. Plaintiffs shall provide the following within ten (10) days:

    a. Disclose the identity and addresses of all medical providers seen by Plaintiffs from August 17, 2009 (five years prior to the subject accident) to the present day. With any new disclosure, Plaintiffs must either provide the records from these disclosed providers or submit signed authorizations permitting Defendant to obtain these records within ten (10) days of this order.

    b. Answer either "yes "or "no" regarding whether they each have applied for Social Security Disability. If the Answer is "yes," then Plaintiffs must either provide their complete and respective Social Security Disability files within ten (10) days of this Order or submit signed authorizations permitting

6

Defendant to obtain their respective Social Security Disability files. If Plaintiffs prefer to submit signed authorizations, then they must submit those signed authorization to Defendant within ten (10) days of this Order;

c. Submit, within ten (10) days of this Order, all Federal Tax Returns, including all Schedules and Attachments, from 2009 through 2017 or submit signed authorizations permitting Defendant to obtain all Federal Tax Returns, including all Schedules and Attachments, from 2009 through 2017. If Plaintiffs prefer to submit signed authorizations, then they must submit those signed authorization to Defendant within ten (10) days of this Order; and

d. Submit full and complete answers and responses to Defendant's Social Media Discovery within ten (10) days of this Order.

3. With regard to Plaintiffs' Motion to Compel Discovery (ECF No. 51), the information requested by Plaintiffs is not relevant to the claims against Allstate in this matter. Further, Allstate has admitted that they are the liability insurance carrier and are responsible for insurance coverage for any liability of Mr. Mehlmauer in the negligence case. Accordingly, Plaintiffs' Motion to Compel Discovery is DENIED.

Marilyn J. Horan
United States District Judge

cc: Cindy Pastin
37 Evelyn Drive
Coraopolis, PA 15108

Lance Pastin
37 Evelyn Drive
Coraopolis, PA 15108
(*Via First Class Mail*)

Robert J. Marino, Esquire
J. David Ziegler, Esquire
Richard S. Canciello, Esquire
Dale K. Forsythe, Esquire
(*Via CM/ECF Electronic Mail*)